RAILWAY COMPANY v. MAYES.

Opinion delivered January 27, 1894.

*Contributory negligence—Alighting from moving train.*

A passenger of sound mind who, under no emergency or constraint, jumps off in the dark at his station from a train moving at a rate not less than twelve miles per hour cannot recover for his resulting injuries.

Appeal from Sharp Circuit Court.

JOHN B. McCALEB, Judge.

Ned Mayes brought this action against the Kansas City, Fort Scott & Memphis Railroad Company, to recover damages for personal injuries. The facts are stated by the court as follows :

Appellee sought to recover of appellant $1500 damages, caused, he says, by the negligence of its employees in refusing and failing to stop its train at appellee's destination, a station on appellant's road, and by slowing up at the platform, thus *inducing* appellee to alight from the train while it was moving, causing him to receive severe injuries. Appellee was a passenger. Appellant denies, and says whatever injuries appellee received were the result of his own negligence. Appellee testified "that the train whistled about half a mile from depot, he heard the air brake go on, the train slowed up to about twelve miles per hour, he jumped off, and the frost on platform caused him to slip," etc.

One of his companions (who attempted to get off the same way, and who, marvelously, escaped unhurt) says, "the rapid motion of the train when I jumped sent me *spinning through the air like a wheel.*" The train was due at 7:27 A. M., and a witness said it was not light yet, "kind of dark."

The testimony of all the witnesses shows that the train was moving between twelve and eighteen miles per hour ; none place the speed below twelve, and one as high as eighteen. The verdict and judgment were for $250.00.

*Wallace Pratt* and *Olden & Orr* for appellant.

There was an entire failure of proof of the material allegations of the complaint. On the plaintiff's own testimony, the cause should be reversed. *Rosenberry* v. *Ry. Co.* 45 Ark. 256 ; *Catlett* v. *Ry. Co.* 57 Ark. 461 ; 43 Mo. App. 353 ; 23 Pa. St. 147 ; 9 La. An. 441 ; 41 *id.* 795 ; 45 Ga. 289 ; 26 Ill. 373 ; 2 Wood, Ry. Law, 1126 ; Thomps. on Carriers, 267. No recovery can be had, if

the cars were in such motion as to render it obviously dangerous for a person to attempt to leave them. Cases *supra.*   14 S. W. Rep. 1099 ; 49 N. Y. 44.

*Sam H. Davidson* for appellee.

It was a question for the jury to determine whether the danger was obvious to a reasonable man, and thereby to judge whether or not he was negligent under the circumstances.   46 Ark. 438.   See also 46 Ark. 423, 437 ; 54 *id.* 29 ; 26 Ind. 459 ; 2 Wood, Ry. Law, 1131.

WOOD J., (after stating the facts).   It is not negligence " per se " to jump from a moving train.   But where one, *compos mentis*, under no circumstances of emergency or constraint, takes " a leap in the dark " from a train moving at the rate shown in this case, his conduct is reckless and foolhardy.   *St. Louis, etc., R. Co.* v. *Rosenberry*, 45 Ark. 256 ; *Catlett* v. *Railway Company*, 57 Ark. 461.

The learned circuit judge, upon appellee's own statement and the undisputed facts, might very properly have directed a verdict for appellant.

Reversed and dismissed.