TEXAS & PACIFIC RAILWAY COMPANY v. JAMES T. HAGOOD.

Decided June 10, 1899.

Contributory Negligence—Pleading and Charge.

It is not error to refuse a requested charge applying the rule as to contributory negligence to the very facts in evidence, where the instruction given is as specific as the plea alleging that defense, and the jury can have no difficulty in applying it.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Stanley, Spoonts & Thompson,* for appellant.

STEPHENS, Associate Justice.—Through the negligence of appellant's servants in making a flying switch across Seventeenth Street, in Fort Worth, on August 1, 1897, R. F. Hagood was killed, on account of which his father, the appellee, recovered a verdict and judgment for $600. Hence this appeal.

The errors are assigned to the refusal of the following charges requested by appellant:

"If the jury find from the evidence that Robert Hagood, the deceased, while waiting for a freight train to pass on the main line, voluntarily stood upon the track next to same, and while standing there was struck and run over by some cars moving northward on said track, as described by the testimony, and they further find that a reasonably prudent person in the exercise of ordinary care would not have stopped and stood upon said track, then in such event the court instructs you that such act on his part was negligence, and the plaintiff can not recover, if such act was the direct and proximate cause of the injury.

"If the jury find from the evidence that the deceased, Robert Hagood, was walking on Seventeenth Street, and while crossing or on the track next to the main line track was struck by a car moving northward, and if they further find that the plaintiff while at said place, and while approaching there, could by looking or listening or both have discovered the approach of said cars, and avoided said accident, and if they further find that a reasonably prudent person, in the exercise of ordinary care, would have looked or listened or both, and would have avoided said accident, then in such event the act of the deceased was negligence, and if it directly and proximately caused or contributed to the accident, you should render a verdict for the defendant."

To sustain these assignments appellant relies on the following cases: Railway v. McGlamory, 89 Texas, 635; Railway v. Shieder, 88 Texas, 166; Railway v. Jeanes, 88 Texas, 230; Railway v. Cassedy, 48 S. W. Rep., 6, reversed in 50 S. W. Rep., 125. But we think the case of Railway v. Parker, 20 Texas Civil Appeals, 470, in which writ of error was denied, is more analogous.

The defense of contributory negligence in the case at bar was thus pleaded: "And for special answer herein, if necessary, they (the defendants) say that said plaintiff ought not to recover herein, for the reason that at the time of and just before the accident the deceased was himself guilty of negligence which directly and proximately caused and contributed to the said accident."

At the request of appellant the following special instruction was given to the jury: "If the jury find that the defendant was negligent, and should also find that the deceased Robert Hagood was himself guilty of negligence which directly and proximately caused or contributed to the accident, then the plaintiff can not recover, and you will find for the defendant."

The court had already given in the main charge the following: "It was the duty of R. F. Hagood in going along Seventeenth Street to exercise such caution and care to avoid being injured while crossing the rail-

road tracks as a person of ordinary prudence would have exercised with reference to a similar matter under similar circumstances, and if he failed to do so it was negligence on his part."

It is thus seen that the defense of contributory negligence was submitted to the jury quite as specifically as it was pleaded. It is also apparent from the undisputed facts of the case that the jury must have understood the charges last quoted to refer to the conduct of deceased in being on or near the railway track in question without taking notice of the danger to which he was exposed, for there was nothing else to which these charges could have referred.

In the Parker case, supra, we said: "We are of opinion, furthermore, that, as the only act of the plaintiff which could have contributed to his injury was the protruding of his head out of the window further than was necessary to perform his duty of looking at the smokestack, the court's charge in putting the burden on plaintiff to prove that he did not contribute to his injury by his own failure to exercise ordinary care for his own safety, as shown in the seventh paragraph thereof, necessarily required the jury to consider and determine the points of fact embraced in the special charges asked."

We think the two cases are entirely analogous in this respect, and the judgment is affirmed.

*Affirmed.*