TEXAS & NEW ORLEANS RAILROAD COMPANY v. A. W. MARSHALL.

Decided November 15, 1909.

**1.—Carrier of Passengers—Insulting Language—Evidence.**

In a suit by a passenger against a railroad company for damages because of alleged insulting language by defendant's conductor, the plaintiff was allowed to testify, over objection by defendant, that a fellow passenger who heard the language used by the conductor, said to plaintiff: "It is a shame for a man to have to take anything like that; you ought to have gotten up and slapped him." Held, reversible error.

**2.—Impeachment—Immaterial Matter.**

If a witness under examination makes a statement about an entirely immaterial matter, it is not admissible to show, for the purpose of impeaching him, that such testimony is not true.

**3.—Damages—Excessive Verdict.**

A verdict for $995. held excessive under the evidence in a suit by a passenger against a railroad company for alleged insulting language used by the conductor of defendant towards plaintiff.

**4.—Charge—No Pleading.**

A special charge is properly refused when the issue submitted therein is not raised by the pleading or evidence.

Appeal from the County Court of Liberty County. Tried below before Hon. I. B. Simmons.

*Baker, Botts, Parker & Garwood, Parker, Hefner & Orgain* and *Stevens & Pickett,* for appellant.—The court erred to the prejudice of this defendant in permitting the plaintiff to testify, over the objection of the defendant, to what a German with a long beard said immediately after the controversy and out of the presence of the conductor, to wit: "It is a shame for a man to have to take anything like that; you ought to have gotten up and slapped him," said testimony being purely hearsay and no part of the res gestae, and it was error to overrule defendant's objection thereto. Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 417; Dwyer v. Continental Ins. Co., 63 Texas, 356; Wilkins v. Ferrell, 10 Texas Civ. App., 231; Holt v. State, 9 Texas Crim. App., 571; City of Austin v. Ritz, 72 Texas, 391; Indianapolis St. Ry. Co. v. Whitaker, 160 Ind., 125, 66 N. E., 433; Indianapolis St. Ry. Co. v. Taylor, 164 Ind., 155, 72 N. E., 1045; Ex parte Kennedy, 57 S. W., 648; Butler v. Manhattan Ry. Co., 143 N. Y., 417, 38 N. E., 454, 42 Am. St. Rep., 738, 26 L. R. A., 46.

The trial court erred to the prejudice of this defendant in per-

mitting, over defendant's objection, the introduction of testimony to the effect that the conductor of the defendant company, who was in charge of the train that plaintiff was·on at the time complained of, took a drink of beer in Houston, and in permitting Geo. Smith to testify that he had placed a bottle of beer, when the train stopped at Liberty, in the closet of the negro coach, and that he told the conductor to look in the closet of the negro coach, there being no pleading whatever, either upon the part of the plaintiff or defendant, which would permit the introduction of such evidence, and the same being irrelevant and immaterial, was calculated to prejudice the jury in favor of plaintiff and against this defendant; and it was error to permit Geo. Smith to testify as above stated, because it was an attempt to impeach a witness upon an immaterial matter. Missouri, K. & T. Ry. Co. v. Moore, 24 Texas Civ. App., 489; Gulf, C. & S. F. Ry. Co. v. Coon, 69 Texas, 730; Fox v. State, 87 S. W., 157; 7 Enc. of Evidence, 80; Mims v. Mitchell, 1 Texas, 443; Pettus v. Perry, 4 Texas, 490; Lemmon v. Hanley, 28 Texas, 227; Paul v. Perez, 7 Texas, 345.

(Third assignment of error.)—The trial court erred to the prejudice of this defendant in that portion of its charge to the jury which reads as follows:

"You are instructed that the uncontradicted evidence establishes the following facts: That the plaintiff, A. W. Marshall, had procured a ticket for transportation on defendant's train from Liberty, Texas, to Lake Charles, Louisiana, on the date as alleged by plaintiff, and that he was properly a passenger on the defendant's train at the time alleged, and that the defendant's conductor of said train took up the plaintiff's ticket." That said charge is incorrect and states the uncontradicted evidence to be exactly contrary to the uncontradicted evidence.

(Fourth assignment of error.)—The trial court erred to the prejudice of this defendant in failing and refusing to give the special charge requested by the defendant, as follows, to wit:

"You are instructed that when a ticket agent sells a railroad ticket to a passenger, and a mistake is made in the ticket to such an extent as to render said ticket not a proper ticket for transportation over the route for which same was purchased, such passenger is charged with the duty of seeing that he has a proper ticket, and, in such case, when a mistake is made in the issuance of a ticket, a railroad conductor has the right to challenge the correctness of said ticket."

(Fifth assignment of error.)—The trial court erred to the prejudice of this defendant in failing and refusing to give special charge requested by defendant, as follows, to wit:

"You are instructed that the plaintiff can not recover damages unless he has received some injury, and that there can not be damages without injury."

(Sixth assignment of error.)—The court erred to the prejudice of this defendant in that part of his charge which reads as follows:

"The matters for you to determine from the evidence before you are whether or not the defendant's conductor in charge of said train

was guilty of the wrongful conduct and insults towards plaintiff, as set up and alleged in plaintiff's petition, and that such treatment and conduct toward plaintiff, if any, was in a manner and under circumstances substantially as alleged by plaintiff."

Such charge is upon the weight of the evidence, and in effect took away from the jury one of the principal questions of fact in the case, in that the court instructed them affirmatively that one of the matters for them to determine, in regard to the alleged improper conduct and insults offered to plaintiff by defendant's conductor was "that such treatment and conduct towards plaintiff, if any, was in a manner and under circumstances substantially as alleged by plaintiff," whereas it was purely a question of fact for the jury to determine from all the evidence whether or not "such treatment and conduct towards plaintiff, if any, was in a manner and under circumstances substantially as alleged by plaintiff." Texas & P. Ry. Co. v. Murphy, 46 Texas, 367; Lee v. Wilkins, 1 Posey's U. C., 287; Bowles v. Glasgow, 2 Posey's U. C., 716; Whitsett v. Miller, 1 Posey's U. C., 213; Mayo v. Tudor, 74 Texas, 474; Johnson v. Gulf, C. & S. F. Ry. Co., 2 Texas Civ. App., 141; Gulf, C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 64; Kilgore v. Northwest Baptist Ed. Assn., 90 Texas, 139; Hanna v. Hanna, 3 Texas Civ. App., 51; Drumm S. & F. Co. v. Bell, 29 S. W., 796; Texas L. & L. Co. v. Watson, 3 Texas Civ. App., 233; Kelly v. Collier, 11 Texas Civ. App., 353; Childress v. Smith, 37 S. W., 1076.

In a case where a passenger sues a railroad company for damages for alleged humiliation growing out of the conductor's telling such passenger that he did not have a proper ticket; and if he, the conductor, should do his duty he would require him to pay his fare or put him off the train, a verdict for $995 is excessive. Gulf, C. & S. F. Ry. Co. v. Copeland, 17 Texas Civ. App., 55; Texas & N. O. R. R. Co. v. DeMilley, 41 S. W., 147; Gulf, C. & S. F. Ry. Co. v. Russell, 38 Texas Civ. App., 291; Chicago & E. I. R. Co. v. Shaton, 11 Ill., 142; Dayton W. T. Co. v. Marshall, 75 N. E., 824; Lexington & E. Ry. Co. v. Lyons, 46 S. W., 209; Louisville & N. Ry. Co. v. Jordan, 66 S. W., 27; Kleven v. Great N. Ry. Co., 72 N. W., 828; Mueller v. Chicago, B. & N. Ry. Co., 77 N. W., 566; Conlon v. Metropolitan Ry. Co., 69 N. Y., 653; Louisville & N. Ry. Co. v. Blair, 55 S. W., 154.

In a suit against a railroad company for damages on account of an alleged injury on the part of one of its employes, there being no allegation that the defendant company had not exercised proper care in the selection of such employes, it is error for the court to instruct the jury that a railroad company is required to furnish courteous employes, and to guard its passengers against the wrongful conduct and insults of its employes committed within the scope of their employment. Smith v. Sherwood, 2 Texas, 462; Smith v. Montes, 11 Texas, 25; Love v. Wyatt, 19 Texas, 316; Howard v. Marshall, 48 Texas, 474; Gulf, C. & S. F. Ry. Co. v. Younger, 10 Texas Civ. App., 141; Flint v. Van Hall, 4 Texas Civ. App., 404; Murchison v. Mansur-Tibbitts Imp. Co., 37 S. W., 605; Campbell v. Houston & T. C. R. Co., 2 Posey's U. C., 475; Texas & P. Ry. Co. v. Self,

2 Texas Civ. App., sec. 440; Ross v. Hawley, 3 Texas Civ. App., sec. 108.

*H. E. Marshall, F. M. Stevens* and *J. F. Dabney,* for appellee.—
Statements made by a fellow passenger when a circumstance growing out of the facts in issue, provoked by the circumstances, facts or conditions out of which the cause of action grew, are admissible when they tend to throw light upon the matter in issue. International & G. N. R. Co. v. Collier, 62 Texas, 320; Kottwitz v. Bagby, 16 Texas, 660; Missouri Pac. Ry. Co. v. Sherwood, 84 Texas, 136; Mexican Natl. Ry. Co. v. Musette, 7 Texas Civ. App., 177.

Evidence, though not in itself relevant, is admissible to corroborate other testimony on an issue joined. 16 Cyc., 119, and note 67.

Drunkenness of a witness is material and admissible in evidence as tending to show the condition of his mind, memory and facilities of knowing what occurred. International & G. N. Ry. Co. v. Dyer, 76 Texas, 159.

The substance of the facts need only be alleged, and that the evidence is not exactly as alleged does not render it objectionable. When a matter is merely an incident or circumstance tending to prove the wrong complained of, or tending to show the condition of mind of the servant in the discharge of his duties at the time in question, it is not necessary that it be specifically alleged. The plaintiff is not bound to plead his evidence. International & G. N. R. Co. v. Dyer, 76 Texas, 159; Hicks v. Galveston, H. & S. A. Ry. Co., 96 Texas, 359.

REESE, ASSOCIATE JUSTICE.—This is a suit by A. W. Marshall against the Texas & New Orleans Railroad Company to recover damages in the sum of $995 for alleged mistreatment of plaintiff, while a passenger on one of defendant's passenger trains, by the conductor in charge of the train. The mistreatment consisted in rough and insulting language alleged to have been used by the conductor to plaintiff in taking up his ticket which, by mistake of the agent who sold the ticket, was not the kind of a ticket plaintiff should have had to entitle him to a passage. The conductor accepted the ticket, but it is alleged that he used towards plaintiff discourteous, rough and insulting language in doing so. A trial with the assistance of a jury resulted in a verdict and judgment for plaintiff for $995, the full amount claimed, from which defendant appeals.

Over seasonable and proper objections by appellant the court allowed appellee to testify that after the dispute between himself and the conductor was ended and about the time the conductor stepped away, a fellow passenger, who had heard the language used by the conductor, said to witness: "It is a shame for a man to have to take anything like that; you ought to have gotten up and slapped him." To the admission of this evidence appellant took a bill of exceptions and the question of the admissibility of the evidence is presented by the first assignment of error.

The evidence was clearly inadmissible. It was nothing more nor less than the opinion of a passenger, a stranger to the occurrence,

as to the conduct of the conductor. The testimony does not come within the exception with regard to admission of testimony of acts done or words spoken as part of the *res gestae*. (Missouri Pac. Ry. v. Ivy, 71 Texas, 417; Dwyer v. Continental Ins. Co., 63 Texas, 356; Texas & N. O. R. R. Co. v. Bellar, 51 Texas Civ. App., 154.) This testimony must have had great influence with the jury, and is probably the cause, in part, of the extraordinary size of the verdict.

The testimony of the witness Smith, referred to in the second assignment of error, was inadmissible. If a witness under examination makes a statement about an entirely immaterial matter it is not admissible, for the purpose of impeaching him, to show that such testimony is not true. The testimony did not tend to show that the conductor was drunk at the time of the occurrence in question. The second assignment of error presenting the point must be sustained. (Texas & P. Ry. Co. v. Phillips, 91 Texas, 278.)

There was no error in the charge complained of in the third assignment of error. The assignment is overruled.

The court did not err in refusing to give the charge referred to in the fourth assignment of error. No question is made of the right of the conductor to question the ticket produced by appellee, but complaint is made of the rude and insulting way in which he is alleged to have acted.

The fifth and sixth assignments of error are overruled without discussion.

The seventh assignment of error complains of the verdict as excessive and must be sustained. If there were no other errors requiring a reversal this could be cured by proper remittitur, and would not require a remand of the cause.

We are not prepared to say that as a matter of law the evidence for plaintiff does not authorize a recovery of any amount as damages, as contended by appellant in the eighth assignment.

It was error to instruct the jury that it was "the duty of the defendant company to furnish courteous employes." No case is presented by the pleadings or evidence against appellant in this regard.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*