WEBB v. WESSELL et al. (No. 1493.)

(Court of Civil Appeals of Texas. Texarkana. June 23, 1915. Rehearing Denied July 3, 1915.)

1. APPEAL AND ERROR ☞1008 — TRIAL TO COURT—WEIGHT OF EVIDENCE.

In an action tried by the court, he is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

2. ANIMALS ☞44—ACTION FOR KILLING DOG —EVIDENCE.

In an action for damages for killing a dog alleged to have attacked defendant's goats, evidence *held* to justify a judgment for plaintiff.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122; Dec. Dig. ☞44.]

3. MASTER AND SERVANT ☞302—MASTER'S LIABILITY FOR ACT OF SERVANT.

In an action for damages for killing plaintiff's dog, defendant was liable, although the killing was done by his servant in the course of defendant's employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. ☞302.]

4. APPEAL AND ERROR ☞837—REVIEW—SUFFICIENCY OF PLEADINGS.

On appeal, the pleadings of both parties may be considered in determining their sufficiency to support the judgment rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. ☞837.]

Appeal from District Court, Marion County; H. F. O'Neal, Judge.

Action by A. J. Wessell against N. B. Webb and another. From a judgment for plaintiff, defendant Webb appeals. Affirmed.

J. H. Benefield, of Jefferson, for appellant. Schluter & Singleton, of Jefferson, for appellee.

HODGES, J. The appellee sued the appellant, N. B. Webb, and W. F. Palmer, in the justice court, for damages for killing his dog. He recovered a judgment for $90. An appeal was prosecuted by Webb and Palmer to the district court, where a judgment was rendered against them in favor of the appellee for $100. The case was tried before the court without a jury.

The evidence shows that the dog for which the recovery was sought was a valuable, well-trained pointer dog, and was killed under the following circumstances: Webb was the owner or manager of a farm situated near the city of Jefferson, on which he kept a herd of goats. He had employed Palmer to work upon the farm and to watch over the goats and see that they were not molested by dogs. On Sunday, May 17, 1914, Palm-

er shot and killed the appellee's dog while it was inside the inclosure containing the goats. There was testimony tending to show that, at the time the shooting occurred, the dog was not molesting or attempting to molest the goats. Palmer admitted the killing, but sought to justify it upon the ground that the dog was killed in defense of the goats. He testified, in substance, that prior to the day the dog was killed three of the goats had been missed, and he suspected that they had been killed by dogs, but did not know. On the afternoon of the day of the killing the dog in controversy, in company with another dog, had attacked one of the goats, and they were discovered in the act of devouring it. Palmer drove them off. He then went to Webb's barn and procured a gun, and on his return, finding this dog still in the inclosure not a great way from the herd of goats, shot and killed him. While gone to the barn after the gun, Palmer left his wife to stand guard over the goats and prevent further depredations by the dogs. He insists that he did the killing purely in defense of the flock of goats, and that this was necessary. According to Palmer's testimony, when he went after the gun he reported the situation to Webb and was instructed by the latter, if the dogs were found on the goats, to kill them. Palmer further testified that he tried to drive the dogs from the pasture; that they refused to leave the premises, and ran off down in the field. According to the evidence, the dog had a money value equal to the amount of the recovery. No question is made in this appeal as to the judgment being excessive.

Webb alone has prosecuted an appeal. He urges two grounds for reversing the judgment: (1) That, under the facts, Palmer had a legal right to kill the dog; and (2) that the act of Palmer in killing the dog, if unlawful, was one for which Palmer alone was responsible.

[1, 2] The evidence relied on by the appellee tended to show a wanton and unjustifiable killing of the dog. That relied on for justification was furnished by the testimony of Palmer and his wife and the appellant Webb. All of these witnesses were deeply interested in the result of the suit; two of them were parties defendant; and the court had a right, if he felt justified in so doing, to reject their testimony as untrue. In trials of this character, where the court has to judge of the facts as well as the law, he occupies the status of a jury and is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. There are no findings of fact in the record, and the judgment is a general one. We are not, therefore, advised as to the particular grounds upon which the court based his conclusions. We must indulge every presumption inferable from the record in favor of the

correctness of his judgment. We cannot say, as a matter of law, that he did not refuse to credit the testimony concerning the defense presented. But, even had he accepted this testimony as true, we are not disposed to hold that he committed an error for which his judgment should be reversed. The evidence indicated that the dog was a valuable animal; that it had been rendered for taxation as property. There was no evidence that it was vicious or addicted to predatory habits. A dog of this character may be treated as property owned and held upon the same plane of legal protection as other domestic animals which are classed as property. The right of a party to kill a dog of this character is governed by the same rules which justify the killing of other domestic animals. It may be conceded that Palmer had the legal right to kill this particular dog if the killing reasonably appeared to be necessary to the protection of the herd of goats committed to his care. But the court might have concluded from Palmer's own statements that the killing of the dog was not necessary to that end; that ordinary prudence for the protection of the goats, and a proper regard for the rights of the owner of the dog, as well as humanitarian impulses, demanded a different course of procedure. State v. Smith, 156 N. C. 628, 72 S. E. 321, 36 L. R. A. (N. S.) 910; 2 Cyc. 416.

[3] The second ground is no less untenable than the first. Webb had employed Palmer to protect his goats. That was a part of the duty which Palmer had undertaken to perform. It is therefore immaterial whether Palmer obeyed or disobeyed Webb's instructions as to the details of his method of performing that duty. It is sufficient, if it be shown, that the act of Palmer in killing the dog was done in furtherance of the employer's service. T. & N. O. Ry. Co. v. Parsons, 109 S. W. 240; Id., 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857. It is true that, under the pleadings of the plaintiff alone, the allegations are hardly sufficiently broad to invoke the doctrine of respondeat superior; but those pleadings, taken together with the facts set up in the answer, contained all of the averments necessary.

[4] The pleadings of both parties may be considered in determining their sufficiency to support the judgment rendered.

The judgment of the district court is affirmed.

