Opinion delivered March 27, 1888.

<hr />

## No. 2557.

### T. E. JACKSON ET AL. *v.* J. D. HARBY ET AL.

1. FRAUDULENT ASSIGNMENT.—Where an assignment made to secure a creditor is attacked by other creditors for fraud, it devolves upon the assailants to prove the alleged fraud. The concurrence of a number of facts termed badges of fraud will not require that a verdict sustaining the assignment be set aside where the issues have been fairly submitted by the court, and all the parties to the transaction have been fully examined before the jury, and the testimony is not inconsistent with the legality of the assignment.

2. CHARGE.—See charge approved on subject of fraudulent assignment as applicable to the facts.

3. DECLARATIONS OF DEBTOR.—If the assignment be fair and legal when made, the beneficiary will not be affected by subsequent declarations or letters of the debtor, though such declarations may be subject for cross examination of the party making them, if called as a witness, to support his assignment.

4. ACTS OF TRUSTEE.—Nor is the right of the beneficiary affected by misconduct of the trustee subsequent to the assignment: e. g., by employing the debtor as clerk to handle the assigned stock of merchandise.

APPEAL from Limestone.   Tried below before the Hon. Sam
R. Frost.

For a history of this case see 65 Texas, 710, proceedings upon
a former appeal.   On the trial the court, on the subject of
fraud made by the pleadings, instructed the jury as follows:

"If you find from the evidence that at the time the deed of
trust was executed to Edmiston & Whatley, they were in
fact indebted to Levi Whatley and to Weisenfield & Co. in an
amount equal to the sum of money named in the said deed of
trust, and that no part thereof was fictitious or pretended;
and that the intention of Edmiston & Whatley in execut-
ing the instrument was only to secure said debts, and
not to place any part of their available property for payment
of their debts due to other creditors out of view, or beyond the
probable reach of such other creditors, or in such position as
would hinder or delay other creditors in subjecting the same to
their debts; or if done with the intention on the part of Ed-
miston & Whatley to hinder, delay or defraud other creditors
in the satisfaction of their claims, and neither the plaintiffs
nor the beneficiaries named in the deed knew, or by reasonable
diligence (that is, by the pursuit of any facts known to them,
which would have suggested inquiry to an ordinary man under
the same circumstances, which inquiry would have led to a
knowledge of such intent on the part of Edmiston & What-
ley), could have known of such purpose, then the plaintiffs are
entitled to recover in this suit."        *        *        *

"You are further instructed that though you may find that
the beneficiaries in the trust deed or the plaintiffs may have
known or believed that by reason of the security given them
by the terms of the trust deed executed by Edmiston &
Whatley, other of the creditors would lose their debts, yet if
there existed no fraudulent motive on the part of the beneficia-
ries; that is, no intention on their part to hold any part of the
property transferred for the benefit of Edmiston & Whatley,
or in assisting them in depriving the other creditors of sub-
jecting any part of the property not necessary to the security
of the debts of the beneficiaries, to their debts, the trust deed
remains a valid security for the benefit of the beneficiaries."
*        *        *        "You are further instructed that if from the
evidence you find that the deed of trust was executed by Ed-
miston & Whatley, for the purpose of hindering, delaying

or defrauding their creditors, or any of their creditors, the same was void, and plaintiffs can not recover, unless such purpose was unknown to the plaintiffs and the beneficiaries named in the deed as before instructed."

"If you believe from the evidence that at the time of the execution of the trust deed there was a verbal understanding between the plaintiff, J. D. Harby, and R. E. Edmiston, defendant, that Edmiston was to remain in charge of the goods transferred, and control the business of selling the goods out at retail; or if you believe from the evidence that Edmiston was the managing partner of the firm, and controlled and managed the business of the store before the deed of trust was made, and that after it was made he continued in charge and control of the goods transferred as described in the trust deed, then, under such circumstances, the plaintiffs can not recover." * * "If you believe there was any private understanding at the time of the execution of the trust deed that any part or portion of the goods were to be held in possession of the plaintiffs for the benefit of Edmiston & Whatley, or either member of their firm, as a shield or protection against the claim or claims of any of their creditors; or if you believe that any part of the debt claimed by Levi Whatley or Weidenfield & Co., or any portion of the sum specified in the trust deed as an indebtedness of the grantors was unreal and only pretended, then the trust deed is void," * * "because the effect of the deed under such circumstances would be to defraud the other creditors."

On the subjects of intent of the makers and knowledge of the trustees and beneficiaries the jury was further charged: "To determine the intent with which an act is done you are to look to all the circumstances connected with and surrounding the transaction which tend to disclose the purpose or motive of the person doing the act. If, upon considering all the circumstances of the parties interested—their business and other relations, methods of transacting business, the nature of the debts designated in the trust deed, the extent of the property transferred, and every other fact and condition connected with and attending the execution of the trust deed and disposition of the property under it, you find the transaction was had with no other motive or design than only to secure payment of the debts named therein, and that they were bona fide debts to the beneficiaries in an amount equal to the sum named, then the plaintiffs will recover; otherwise not." Verdict and judgment for

plaintiffs for one thousand and twenty-five dollars and eighty-three cents. The defendants again appeal.

*Burrow & Kincaid,* for appellants: The conveyance was void unless satisfactory explanation is shown for the excess of the property conveyed and the unlimited power of the trustees. (Burrell on Assignments, fourth edition, sec. 99; Bump on Fraudulent Con., 45; 22 Texas, 730, Carlton v. Baldwin; 23 Texas, 60, Howerton v. Holt; 59 Texas, 124, Greenleve, Block & Co. v. Blum; 22 Texas, 708, Baldwin v. Peet; 27 Texas, 507, Smith v. Boquet; Id., 471, Belt v. Raguet; 61 Texas, 180, Seeligson & Co. v. Brown.)

As to the mode of disposition of the merchandise. (63 Texas, 506, National Bank of Texas v. Lovenberg; Id., 645, Wyatt v. Taylor; Bump on Fr. Con., 126, 127, 133, 134.)

*L. B. Cobb,* for appellees: An insolvent debtor has the right to prefer one or more creditors by the execution of a trust deed on all his property, though largely in excess of the debts so secured, and the preferred creditors have the corresponding right to accept such preference with full knowledge of the insolvency of the debtor.

The putting into the possession of the trustees the property so conveyed and giving them exclusive control thereof for the purpose of paying the secured debts, is not a badge of fraud, but the contrary. (Stiles v. Hill, 62 Texas, 429; Ellis v. Valentine, 65 Texas, 532; Numsen v. Ellis, 3 App. C. C., 135; Scott v. McDaniel, 67 Texas, 315; Lewy v. Fischl, 65 Texas, 311; Allen v. Carpenter, 66 Texas, 138; Aulman v. Aulman, 32 N. W. Rep., 240; 2 Perry on Trusts, sec. 590, p. 141.)

If a prima facie case of fraud is shown against a trust deed by the proof of one or more facts, called badges of fraud, proof of the validity of the debt secured, and the actual good faith of the trustees and beneficiaries in the deed will sustain it. (Rev. Stat., art. 2465; Allen v. Carpenter, 66 Texas, 138; Scott v. McDaniel, 67 Texas, 315; Kellogg v. Muller, 4 S. W. Rep., 361; Belt v. Raguet, 27 Texas, 471; Jones v. Simpson, 116 U. S., 609; 4 Wheat, U. S., 466, 503; Clark & Brisco v. White, 12 Peters, 178; Davis v. Scott, 34 N. W. Rep., 353.)

A trust deed on a stock of goods daily exposed to sale in the regular course of business of the owner thereof, given by him to trustees for the purpose of securing his bona fide debts with

exclusive control of said goods and business by the trustee and
actual possession thereof by them, is not made void by an
agreement between the trustees and said owner, made after
the execution of the deed and delivery of possession, contem-
plating the employment of said owner as clerk to sell said
goods under the control and management of the trustees.
(Stiles v. Hill, 62 Texas, 429; Van Hook v. Walton, 28 Texas,
59; 2 Perry on Trusts, 145 and note 4; 1 Id., sec. 411, 408; Dodge
v. Jones, 14 Pac. Rep., 707; Frank v. Robinson, 1 S. E. Rep.,
781; Greely v. Hall, 2 S. Rep., 618.)

No amount of fraud of the debtor vitiates a conveyance for
the benefit of a creditor, if the latter neither knows of, nor di-
rectly or by application assents to, the wrongful intent of the
debtor. (King v. Russell, 40 Texas, 125; Kerr v. Hutchins, 46
Texas, 385, 388, 390; Edwards v. Dickson, 66 Texas, 613; Smith
v. Whitfield, 67 Texas 124; Oppenheimer v. Halff, 68 Texas,
409; Horback v. Hill, 112 U. S., 144; Southern W. L. Co. v. Haas,
33 N. W. Rep., 657; Schroder v. Walsh, 11 N. E. Rep., 70.)

Where an instrument attacked for fraud is not void in law—
the question of fraud *vel non* is one of fact for the jury. (Scott
v. Alford, 53 Texas, 82; Kerr v. Hutchins, 46 Texas, 385; Van
Hook v. Walton, 28 Texas, 59; King v. Russell, 40 Texas, 125;
Hicks v. Copeland, 53 Texas, 589; Baily v. Mills, 27 Texas, 434.

The property of Edmiston & Whatley was not placed beyond
the reach of their other creditors by the trust deed in favor of
Weisenfield & Co. and Levi Whatley. (Rev. Stats. arts. 2292–
2296; Baldwin v. Peet, 22 Texas, 709; Stiles v. Hill, 62 Texas,
429; Marks & Kempner v. Heidenheimer, 63 Texas, 307.)

It is not enough that it is not clear that the verdict is right;
it must clearly appear that it is wrong to induce the court to
set it aside. (Briscoe v. Bronaugh, 1 Texas, 326; 2 Texas, 323,
428, 490; 4 Texas, 89; 5 Texas, 492; 7 Texas, 556, 584; 8 Texas,
439; 15 Texas, 401; 16 Texas, 94; 19 Texas, 584; 22 Texas, 37;
24 Texas, 288; 28 Texas, 57, 185, 341, 649; Warner v. Norton, 20
How., U. S., 448; Parker v. Phelleplace, 1 Wall., 684.)

WALKER, ASSOCIATE JUSTICE.    This is a second appeal (65
Texas, 710.)    The facts are substantially the same in both.
The assignments of error which are insisted upon in the brief
of appellants question the sufficiency of the evidence to sup-
port the verdict found again for the plaintiffs, and complain
of the charge of the court in that it failed to submit clearly

the issue whether the trust deed was in contravention to section 17 of the act of March 24, 1879.

The case was reversed on the former appeal because of the charge of the trial judge in limiting the action of the jury upon the alleged fraud to the inquiry whether "there was a conspiracy or combination to defraud between the grantors and either the trustees or beneficiaries provided for;" the court holding that "there was testimony from which the jury may have believed the grantors were actuated by a fraudulent motive, and that the plaintiffs had notice of it, and yet that the plaintiffs were not imbued with the ranker guilt  *  *  usually attached to the words combination or conspiracy."

The instructions now under consideration exhibit care and accuracy in their preparation. They covered every phase in the testimony; explained the law upon every issue; submitting to investigation the considerations, motives and purposes of the parties to the transaction.

The parties themselves were examined, and their credibity was a matter for the jury. The deed of trust, with all the light the circumstances could give, before, at the time and after its execution, the manner of testifying by the witnesses, and their standing, were all to be passed upon under the instructions of the court in reaching a verdict. None of the facts in evidence are denounced by our courts as fraudulent, per se; they are but badges or evidence of fraud; strong they may be, and the strength increased by their number, yet the jury were authorized to consider them with the full details developed, and if satisfied with the honesty and fairness of the transaction the jury could so find.

Edmiston's subsequent correspondence was equivocal and a proper subject for cross examination, when tendered as a witness, and affecting, perhaps, his credibility, yet his letters were not admissions against the plaintiffs.

The rights of the beneficiaries in the trust deed vested at its making, and no subsequent acts or declarations of Edmiston could divest the beneficiaries of whatever of rights they had acquired. To admit such declarations made after the act they are used against in absence of collusion established by other testimony, other than a subject for cross examination, has been held sufficient error to reverse. (Winchester Partridge Co. v. Creary, 116 U. S., 101.)

The "badges of fraud" appearing in the case have all been

subjects of discussion by our courts. (Ellis v. Valentine, 65 Texas, 545; Lewy v. Fischl, 65 Texas, 311; Allen v. Carpenter, 66 Texas, 140; Scott v. McDaniel, 67 Texas, 346; Oppenheimer v. Halff, 68 Texas, 409.) There was an excess in value of the goods over the debts secured, but the residue was not concealed or subjected to loss. That the secured debts were actual is not controverted. There is testimony that the purpose of the transfer was to secure the creditors named, and no other is shown. The compensation for the trustees was reasonable; the intent of the makers and the innocence of the trustees and beneficiaries under the law were subjects of the charge of court and were passed upon by the jury.

Though this court upon the testimony might have reached a different result, yet in the effect of the testimony to establish fraud the verdict will be sustained. The issue is whether the circumstances with the law applied show the alleged fraud. The jury negative it, and they had the right to do so. The burden of proving fraud was upon the defendants.

The assignment of error against the charge complains of the refusal of the court to give the following: "If at the time of the trust deed, or before J. J. Whatley had been informed of the existence of the trust deed and before he had accepted the trust, Harby, the other trustee, made an agreement with Edmiston by virtue of which Edmiston was to re-enter the store and sell the goods out at retail in due course of business as clerk or agent of the trustee at a salary for his services for selling goods. Said trust deed is void and plaintiffs can not recover." Upon this subject the court had already charged: "If you believe from the evidence that at the time of the execution of the trust deed than was a verbal understanding between the plaintiff, J. D. Harby, and R. E. Edmiston that Edmiston was to remain in charge of the goods transferred and control the business of selling the goods out at retail, or if you believe from the evidence that Edmiston was the managing partner of the firm and controlled and managed the business of the store before the deed of trust was made, and that after it was made he continued in charge and control of the goods transferred, then under such circumstances, the plaintiffs can not recover." The charge as given, substantially submits the seventeenth section of act of March 24, 1879. The test of legality, of course, depends upon whether the transfer be real and honest. A transaction not intended to transfer, or not in fact

transferring the property, can not be real, nor any such pretence be honest.  While the subsequent contract by the trustee with the debtor to aid in the sale is a subject of inquiry as a circumstance for what effect the jury may determine, yet in itself it could not affect rights previously acquired, if at all, by the beneficiaries.  The charge asked did not submit the true issue and its refusal was not error.

There is complaint that counsel for plaintiff indulged in objectionable words in his address to the jury.  The judge below at the time corrected the counsel.  The words were retracted by counsel, he requesting the jury to give no attention to the language.  Counsel for defendant could have called the attention of the court by asking a charge so that the jury might be further cautioned.  But it is not probable that the remark objected to affected the verdict.

There are no errors found in the record.  The case is affirmed.

*Affirmed.*