**LEVY et ux. v. ROGERS.**

No. 9984.

Court of Civil Appeals of Texas. Galveston.

July 13, 1934.

Rehearing Denied Oct. 18, 1934.

Vinson, Elkins, Sweeton & Weems and McFarlane & Dillard, all of Houston (C. M. Hightower and Clarence McFarlane, both of Houston, of counsel), for appellants.

Barkley & Webb, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a general $6,081 judgment in favor of appellee, Rogers, against appellants, Mr. and Mrs. Levy, for damages to the former resulting from a collision between their several automobiles at the junction of Southmore boulevard and Fannin street in the city of Houston.

The undisputed proof showed that Mr. Rogers had been driving his car west on Southmore, with the right of way over Mrs. Levy at the intersection because approaching from her right, while Mrs. Levy was driving their car north on Fannin, and that the collision occurred at about the center of Fannin.

The decree was entered upon a jury's verdict in response to special issues, whereby it was found that Mrs. Levy was negligent in the following particulars, each of which was a proximate cause of the injuries: (1) In driving and operating her automobile in excess of 20 miles per hour, and at an excessive and dangerous rate of speed; and (2) in failing to keep a proper lookout, to apply her brakes, and to have her car under control; under other issues she was acquitted of having discovered the appellee in a position of peril in time, by the exercise of reasonable diligence, to have avoided hitting him by use of the means at hand.

It was further found that the collision was not the result of an unavoidable accident; that the appellee did not fail to keep a proper lookout; that he was not driving his car in excess of 20 miles per hour; that he had it under control at the time; that while he did not sound his horn as he approached the intersection, such failure on his part was not negligence; and that in so approaching the intersection he neither saw nor observed the speed of the appellants' car at a time when it was within such distance from the intersection as to anticipate that Mrs. Levy could not stop her car or avoid a collision, driving at the rate of speed she was doing at the time.

In this court appellants present contentions, in substance, to the effect that:

(1) The pleadings and evidence raised the defensive issue that Rogers should have stopped his car and permitted Mrs. Levy to pass in front of him, which the trial court prejudicially refused to submit on appellants' due request therefor.

(2) That special issue No. 37, as submitted to the jury, was too restrictive, in that it only placed the duty on the appellee to stop his car in event he realized that Mrs. Levy could not stop hers in time to avoid the collision, which vice the court refused on appellants' proper request to remedy.

(3) The court committed reversible error in submitting the issues of lookout and control on the part of both sides, while so combining "the issue of fact of lookout, control, and negligence so as to constitute duplicitous issues."

(4) The pleadings and evidence of the appellee failing to show that—in operating the automobile she was driving—she was doing so either as Mr. Levy's agent, or that he participated in the operation, the court should, in the first instance, have sustained his separate demurrer on that ground to the appellee's petition, and, in the second, having failed in that, have limited the recovery against him to the extent of his interest in the community property.

(5) It having been developed on the cross-examination of the witness Lambert that appellants were being defended in the trial of this case by an insurance company, the court should have granted appellants' motion to discharge the jury and declare a mistrial on that account.

(6) The record affirmatively showing that appellee's leading counsel failed to fully open his case in his opening argument to the jury, the court's refusal at that time to grant appellants' demand that he be compelled to do so constituted reversible error.

(7) The court committed prejudicial error in permitting appellee's leading counsel, Mr. Barkley, in his argument to the jury, to inform them as to the legal effect of their answers, as well as to ask them to place themselves in the place of the appellee, Rogers, and, outside of the record, to call upon them to apply a different rule to intersection accidents from that stated by the court in his charge.

(8) The court reversibly erred "in not limiting the recovery of appellee to diminished earning capacity to such as would in all reasonable probability result from the injury."

(9) It having developed on the hearing for a new trial that the juror Austin, at the time he qualified as a juror, was expecting a position with the attorney for appellee, this constituted such misconduct on his part as required the trial court to grant appellants' motion for a new trial on account of it.

None of these presentments, it is concluded, should be sustained, except so much of the fourth one as urges that the recovery against Mr. Levy should have run only to the extent of his community interest in the property of himself and his wife.

It will be noted, first, that the sufficiency of the evidence to sustain the jury's verdict is not attacked in any particular, nor could it successfully be, since an examination of the statement of facts discloses sufficient support for all the findings adverse to appellants; second, that under his pleadings and testimony the appellee's case was predicated upon the position that he properly approached the intersection on the north side of Southmore, slowed down to about 12 or 15 miles per hour, gave warning, and entered it along the same course, at that time seeing appellants' car about a half block away coming from his left north along the middle of Fannin, and moving pretty fast (two eyewitnesses placing its speed at probably about 45 miles per hour); that, although there were "slow" signs on both streets at that confluence, Mrs. Levy drove on without slowing down or changing her course, or making effort to do so, despite there being ample room for her to have passed behind and missed him, and struck his car about the time it reached the center of the intersection, he neither becoming aware nor having any reason to think that she would probably not slow down for the crossing until just about the moment of the collision.

The several findings of the jury must be appraised accordingly, since they are now to be regarded as established facts.

■ (1) Appellants only plead contributory negligence on the appellee's part generally, whereas "the defensive-issue" they claim under this first presentment to have been erroneously refused was embodied in six requested special issues, whereby several different specific acts were grouped as if constituting contributory negligence in each particular, their pleadings containing no reference to them; in such circumstances, the court having otherwise submitted the issues on that subject that were answered favorably to the appellee, the refusal of the tendered specifications was proper practice. Missouri, K., & T. Ry. Co. v. Parker, 20 Tex. Civ. App. 470, 49 S. W. 717, 50 S. W. 606; Texas & P. Ry. Co. v. Hagood, 21 Tex. Civ. App. 442, 52 S. W. 574; Galveston H. & S. A. R. Co. v. Mallott (Tex. Civ. App.) 6 S.W.(2d) 432.

■ Moreover, the court neither affirmatively charged upon nor defined "contributory negligence," nor did appellants make any requests therefor, or plead the specific acts these six tendered issues reflect as constituting it; therefore these phases of that "defensive-issue," if such they be—especially as they appear to be merely supplementary to those the court gave on the subject in response to the mere general pleading of it as a defense—would seem to have been waived. Speer on the Law of Special Issues in Texas, pars. 89, 172, and 190, and authorities cited thereunder; articles 2189, 2190, Revised Statutes 1925; Jagoe Construction Co. v. Harrison (Tex. Civ. App.) 28 S.W.(2d) 232; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W. (2d) 168; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

■ (2) The pith of the objection to the language of special issue 37 is that it should have read "Mrs. Levy would not stop her car"; in the actual circumstances already mentioned, which may be regarded as the facts, and which the suggested substitution ignores, the point sought to be made is inapplicable, the issue as given having been more favorable to Mrs. Levy than if her request for the change had been granted; obviously, Rogers could not with certainty have divined what was in her mind—that is, whether or not she would stop while she was yet a half block away—but to inquire, "Did under the circumstances the plaintiff realize that Mrs. Levy could not have stopped her car?" in effect made him guilty of contributory negligence, if, seeing she was unable to do so,

he had not stopped, given up his admitted right of way, or done something else to avoid her; while, on the other hand, the inquiry as to her "whether she could have stopped her car," gave her every protection under the pleadings and proof; in other words, as indicated supra, he charged and testified that she negligently ran into and injured him when, in the exercise of due care and with the right of way over her, he had first reached the middle of 60-foot wide Fannin street, which she answered merely by a denial and a general countercharge that his own contributory negligence had caused the collision; wherefore, the challenged inquiry seems to have submitted the real issue thus raised between them.

■ (3) The view here urged, to the effect that the issues embodying the fact—elements of lookout, control of their several cars, and negligence—with reference to the acts of each party under given inquiries 11, 13, 24, and 27—although the evidence was sufficient to raise them all as to both, "were duplicitous in that the court submitted a disputed issue as to whether a lookout was kept, whether the automobiles were under control and if Mr. Rogers and Mrs. Levy were negligent in such particulars," is clearly untenable. The wordings of the cited issues, as quoted fully in appellants' brief, fail to sustain this criticism of the court's action, all the combining there shown being merely that of the constituent elements going to make up the ultimate issue of negligence. Speer's Special Issues in Texas, pars. 183–185, 187; Missouri, K. & T. Ry. Co. v. Long (Tex. Civ. App.) 23 S.W.(2d) 401.

■ (4) While Mr. Levy's general demurrer was not well taken (the appellee's petition having alleged Mrs. Levy and himself to have been husband and wife at all material times and sued as such, that they were both liable in damages to him for the injuries so negligently inflicted—the husband therefore being a necessary party and their community estate being bound; Scott v. Brazile et ux. [Tex. Com. App.] 292 S. W. 185; Speer on Marital Rights, pars. 521 and 523; Revised Statutes 1925, article 1985; Parker v. Scobee [Tex. Civ. App.] 36 S.W.(2d) 303), it having undisputedly appeared from the pleadings and evidence that Mrs. Levy alone was operating the automobile that caused the injuries, without any showing either that he participated therein or that she did so as his agent, the judgment should have confined the recovery against him to his interest in their community property. Jackson v. Dickey

(Tex. Com. App., Sec. A), 281 S. W. 1043; Campbell v. Johnson, 290 S. W. 526 (Tex. Com. App., Sec. B); Scott v. Brazile (Tex. Com. App., Sec. A) 292 S. W. 185: Stamper v. Scholtz (Tex. Civ. App.) 17 S.W.(2d) 184.

■ (5) The testimony of the witness Lamberth failing to show what connection, if any, the insurance company had with the case, the court did not err in overruling the defendant's motion to discharge the jury and declare a mistrial. Jimmie Guest Motor Co. v. Olcott (Tex. Civ. App.) 26 S.W.(2d) 373; Horton v. Benson (Tex. Civ. App.) 266 S. W. 214; S. H. Kress & Co. v. Dyer (Tex. Civ. App.) 49 S.W.(2d) 986.

■ (6) A sufficient answer to this proposition is that, as this court reads it, the record not only shows that, while appellee's attorney in his opening argument to the jury did not take up and specifically mention any of the thirty-nine special issues submitted, except unavoidable accident and measure of damages, he did discuss every essential phase of the case as raised by the pleadings and evidence and submitted by the court, but also that, in his concluding address he confined himself wholly to answering contentions presented by counsel for appellants; wherefore, there was no error in the court's refusal to require him to go further.

■ (7) When the settings in which they were presented are looked to, it seems clear that no abuse of the trial court's discretion appears from its action in refusing a new trial on account of the complained of arguments of counsel for the appellee; the first of these was, in substance, that "the appellants sought to fasten on plaintiff contributory negligence which would bar recovery on his part"; the question as to the propriety of this statement seems to have been foreclosed adversely to the appellants in Galveston, H. & S. A. Ry. Co. v. Harling (Tex. Com. App.) 260 S. W. 1016.

■ The second of them was to the effect: "When you come down to the effect on a man's future earning capacity there is such a wide range I can only suggest to you. I am speaking to you in behalf of Mr. Rogers and I ask you to go out and apply the Golden Rule and do for him only what you might want a jury of his city to do for you if you happened to be run into by somebody at that place." This having been objected to, the court withdrew it from the jury's consideration. Whereupon, the counsel continued as follows: "I will ask you to go out and find for him from the facts what you think he is entitled to. He looks like a first class man

and I take him to be a first class man. I think he has proven that to you and counsel over there, because never at any time with all the doctors they wanted to examine him did he ever refuse."

The suit having been for more than $16,000, with a recovery of only $6,081, and with no evidence otherwise of any harmful effect of these quoted proceedings, it is thought the court's action shows no prejudicial error. Sinclair v. Stanley, 69 Tex. 718, 7 S. W. 511; Jackson v. Harby, 70 Tex. 410, 8 S. W. 71; Texas Standard Oil Co. v. Hanlon, 79 Tex. 678, 15 S. W. 703; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Tex. 628, 19 S. W. 151; Galveston, H. & S. A. Ry. Co. v. Duelm (Tex. Civ. App.) 23 S. W. 596.

■ The remaining statement, which it is claimed improperly called upon the jury to apply a different rule to intersection accidents from that given by the court in his charge, was this: "Let me give you a safe rule to settle a crossing accident filed and it ought to settle this. Don't you pay any attention to the driver who says it happened because they got in the way. It is your duty when you analyze this evidence, when you come to the conclusion that a person who operates a car and runs into another car should be held accountable and should be held responsible. When you cross a street and when Mr. Rogers or anybody else crosses a street and anybody driving a car, woman, man or otherwise that comes over there and runs into you, it is evidence that it is their fault."

This, in our opinion, was nothing more nor less than a fair deduction from the evidence heard in the advocacy of the appellee's cause. It was therefore not improper. Winnsboro Cotton Oil Co. v. Carson (Tex. Civ. App.) 185 S. W. 1002; Pecos & N. T. Ry. Co. v. Suitor (Tex. Civ. App.) 153 S. W. 185, affirmed 110 Tex. 250, 218 S. W. 1034.

(8) As already indicated, it is our opinion that the issues given by the court properly submitted the question of damages as raised by the pleadings and evidence in the cause, hence there was no error in the respect herein complained of.

■ (9) Neither was any improper conduct of the juror Austin made manifest; nor were any facts connected with the matter shown from which it could be reasonably concluded that either he himself or any other juror was improperly influenced in the rendition of the verdict by the fact that he had been expecting a position with the district attorney's office in the circumstances presented. It undisputedly appeared that the district attorney himself

had had nothing whatever to do with the subsequent employment of the juror Austin in that office, it having been done by Mr. Anderson, to whom the district attorney had granted plenary authority in such matters; the learned trial court conscientiously and thoroughly heard evidence upon this complaint upon the motion for a new trial, evidently going fully into the matter, and in the exercise of its sound discretion finding at its close that no improper conduct had occurred; wherefore, this court is unable to disturb that action.

Pursuant to these conclusions, the judgment will be so reformed as to limit the appellee's recovery against N. Levy to his interest in the community property of himself and wife, and as so reformed will be affirmed.

Reformed and affirmed.