### DALE v. STEVENS.
### No. 4531.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1936.

Rehearing Denied Feb. 24, 1936.

See, also (Tex.Civ.App.) 75 S.W.(2d) 129.

Edmond C. Yates and Scarbrough & Ely, all of Abilene, and Frank C. Dickey, of Ballinger, for appellant.

A. O. Strother, of Winters, and Harris, Harris & Sedberry, of San Angelo, for appellee.

MARTIN, Justice.

Appellant was the owner of a promissory note, secured by a trust deed on real estate. He traded this note to appellee Stevens. Thereafter, Stevens sued the makers of this note, and also appellant, Dale, as unconditional indorser of same. On the reverse side of the note and immediately above the signature of Dale appeared the words "without recourse," through which a line in ink had been run. Stevens in effect pleaded and testified that the words "without recourse" were above the signature of Dale before it was handed to him, and he refused to accept it unless Dale would unconditionally. guarantee it as indorser; that thereupon, in order to effect the trade, Dale, prior to closing same, took the note back and ran a line through said words so that his indorsement was made to appear unconditional. Dale pleaded and testified in effect that said note was fraudulently altered after its delivery to Stevens by running a line through the words "without recourse," and that he did not mean or intend to guarantee payment of the note as indorser. The facts respecting these two theories were pleaded in great detail by the parties. Stevens sought to hold Dale upon the theory that he (Dale) made the erasure before delivery of the note; Dale sought to escape liability and asked to be discharged because such erasure was made by some one other than himself. With this issue sharply drawn by voluminous pleading, and the directly conflicting evidence of appellant and appellee, the trial court submitted the following issue to the jury: "Do

you find from a preponderance of the evidence that the defendant, Dale, struck out the words 'without recourse' on the back of the note in controversy? Answer Yes or No." The jury answered: "Yes." Judgment was for appellee.

It is claimed that appellee's counsel informed the jury in argument of the effect of its answer to the above issue by the use of the following language: "It means that Mr. Dale is not liable for one penny on this note, if he did not strike out the words 'without recourse' from the back of this note."

It further appears that appellant objected and the court instructed the jury to not consider the above remarks, and that appellee's counsel when his attention was first called to the matter, requested the jury to disregard same.

Appellant's pleadings in effect informed the jury that he sought to escape all liability by a finding that he did not strike out the words "without recourse." Any jury with ordinary intelligence must have understood this when the pleadings of the parties had been read. If not, the vigorous evidence of appellee that Dale did, and Dale's equally vigorous denial, must have left on the mind of any juror, with an ordinary brain, the definite conclusion that liability of Dale depended on an affirmative answer to the question. Could it be that the intelligence of any juror was so low that he failed to grasp the effect of all the pleading and evidence upon this controlling question, before he ever heard any argument? 'Are jurors really that dumb?

It has ofttimes been said by appellate courts that jurors are presumed to be men of ordinary intelligence, though in some of the opinions on the present subject, it is doubtful to the writer if such presumption really remained alive with the author until such opinions had been concluded.

We cannot believe that the statement of counsel conveyed any conclusion to the jury not already well known to them. The error was, in our opinion, harmless. Galveston, H. & S. A. Ry. Co. v. Miller (Tex. Civ.App.) 192 S.W. 593 (writ refused). "Jurors are presumed to be men of ordinary intelligence, and it is incredible that men of ordinary intelligence would not have known from the proceedings of the case to the time the argument of counsel began that for them to find that plaintiff was guilty of contributory negligence would have the legal effect that plaintiff could not recover." Galveston, H. & S. A. Ry. Co. v. Harling (Tex.Com.App.) 260 S.W. 1016 (1). See, also, Levy v. Rogers (Tex.Civ.App.) 75 S.W.(2d) 304, 308; Fain v. Nelms (Tex.Civ.App.) 156 S.W. 281, 284; Texas & P. Ry. Co. v. Edwards (Tex.Civ.App.) 21 S.W.(2d) 754; C. W. Hahl Co. v. Burch (Tex.Civ.App.) 74 S. W.(2d) 1040, 1044.

The judgment is affirmed.