**FIRST STATES LIFE CO. v. MOTE.**

**No. 1930.**

Court of Civil Appeals of Texas. Waco.

Nov. 4, 1937.

Rehearing Denied Dec. 2, 1937.

Sullivan & Wilson and J. Lee Zumwalt, all of Dallas, for plaintiff in error.

A. R. Stout, of Ennis, for defendant in error.

ALEXANDER, Justice.

The First States Life Company, a mutual aid association, brought this suit against Mrs. Jessie Mae Mote to cancel a life insurance policy issued by it on February 28, 1935, on the life of J. F. Mote, defendant's husband. It was alleged, in effect, that the insured, who had died prior to the filing of the suit, had made a written application for said insurance, a photostatic copy of which was attached to the policy, in which he had represented that he had not had nor been treated for any disorder of the bladder; whereas, in truth and in fact, he was, at the time of the making of said application, suffering with cancer of the bladder and was under treatment therefor and later died as a result thereof. The defendant filed a verified answer, specifically denying that the insured had executed the application relied on by the plaintiff, and by way of cross-action alleged that in 1924 her deceased husband had taken out a policy in the Citizens Mutual Life Association and had continued to pay the premiums thereon until February, 1935; that in 1934, the plaintiff had taken over the business of said Citizens Mutual Life Association and assumed all liability on its outstanding policies; and that on February 28, 1935, the plaintiff had issued to the insured a new policy in lieu of the one previously

issued by the Citizens Mutual Life Association, with the understanding that the same should be a continuation of the old policy. She alleged the death of her husband, the proper filing of proof of loss, and sought recovery on the policy. The case was tried before a jury, and the jury found, in substance, that the insured did not execute the application relied on by the insurance company, nor authorize anyone to execute same for him; that the insured did not have cancer and had not been visited or treated by a physician within five years prior to the issuance of the policy sued on and was not in bad health during said time. The jury further found that one Armstrong, agent of the plaintiff, represented to the insured that the policy in question was to be a continuation of the former policy, and that the same was to be issued and based on the application previously made in 1924 to the Citizens Mutual Life Association when the original policy was issued, and that said agent communicated said agreement to the plaintiff company. Judgment was rendered, denying the insurance company the right to cancel the policy and in favor of the beneficiary for the amount of the policy sued on. The insurance company sued out this writ of error.

■■ The sole ground asserted by the insurance company as authorizing a cancellation of the policy and as a defense against the beneficiary's cross-action to recover thereon was that the insured had falsely represented the state of his health in his application for the insurance. The beneficiary denied under oath the execution of the application by the insured. No evidence was offered to prove that the insured signed said application or authorized anyone to execute same for him. Upon the filing of the plea of non est factum, the burden of proving the execution of the application by the insured rested on the insurance company, and upon its failure to offer any proof in support thereof, said application was not admissible in evidence against beneficiary, and although admitted in evidence, same constituted no proof of the fact so put in the issue by the plea. 17 Tex.Jur. 332; Henderson Mercantile Company v. First National Bank, 100 Tex. 344, 99 S.W. 850. Consequently, the insurance company's entire defense to liability on the policy failed as a matter of law.

■ The above ruling renders it unnecessary to pass on the errors of procedure alleged by plaintiff to have occurred during the trial of the case. However, in view of plaintiff's insistence, we will consider a few of the assignments urged most strenuously by the plaintiff.

■■ It was the contention of the beneficiary that the new policy issued by the First States Life Company and here sued on was issued in lieu of and as a continuation of the old policy issued in 1924 by the Citizens Mutual Life Association, and that the same was issued with the understanding that no application would be required therefor. It was undisputed that the First States Life Company took over the business of the Citizens Mutual Life Association in 1934 and so notified the policyholders in writing. In order to prove the circumstances and agreement under which the new policy was issued to the insured and the authority of the agent of the insurance company in making said agreement, the court permitted the beneficiary to prove similar agreements between said agent and other policyholders. This is assigned as error. The evidence showed that on numerous occasions said agent, in taking up policies in the old company and issuing new ones, represented to such policyholders that the new policies were issued in lieu of the old policies and were to be considered as continuations of the old policies and that no new applications were to be required for the issuance of the new policies. In at least one instance the insurance company was notified in writing of the representations that had been made by said agent and the company promptly ratified his conduct therein. We think the evidence complained of was admissible to establish the authority of said agent. 17 Tex.Jur. 380, 383; 2 Tex.Jur. 512. Moreover, it appears that evidence concerning some of these transactions was introduced without objection. Under these circumstances, the insurance company waived its right to complain of the admission of this evidence. 3 Tex. Jur. 1258; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Hough v. Grapotte, 127 Tex. 144, 90 S.W.2d 1090; Southland Life Ins. Co. v. Hopkins (Tex.Civ.App.) 219 S.W. 254, 255.

■ During the argument, counsel for the beneficiary said to the jury: "Gentlemen, you are not dealing with an ordinary insurance company. You are dealing with thieves and crooks and Mr. Wilson, you know it." This argument was objected to. The trial court promptly instructed the jury in writing not to consider the argument for any purpose and counsel for the beneficiary,

in the presence of the jury, then stated: "I am sorry. I did not mean that your Honor and I am glad to withdraw it where improper." We cannot say that the argument complained of was justified by the evidence, but in our opinion the error was cured by the instructions of the court. 41 Tex.Jur. 830; Hubb Diggs Co. v. Mrs. J. D. Bell, 116 Tex. 427, 293 S.W. 808; Jackson v. Harby, 70 Tex. 410, 8 S.W. 71; McMullen v. Parker (Tex.Civ.App.) 45 S.W.2d 1011.

■ In our opinion, the evidence was sufficient to support the findings of the jury that the insured was not in bad health at the time the policy sued on was issued.

■ We are also of the opinion that the circumstances surrounding the issuance of the new policy were sufficient to support the jury's finding that the insurance company, through a duly authorized agent, agreed with the insured that the new policy was issued in lieu of and was to be considered as a continuation of the old policy, and, if so, the insurance company would not be entitled to defeat liability because of the existence of an ailment that admittedly arose after the original policy had been issued.

The judgment of the trial court is affirmed.