## RUEBECK et al. v. HUNT et ux.
### No. 2497.

Court of Civil Appeals of Texas.
Tenth District.
May 6, 1943.

Rehearing Denied June 10, 1943.

Nat Harris and Bryan & Maxwell, all of Waco, for appellants.

John Sheehy, of Waco, and Cecil R. Glass, of Marlin, for appellees.

HALE, Justice.

Michael S. Hunt and wife instituted this suit on June 22, 1940 against Herman F. Cason, architect, H. A. Bruyere, general contractor, and C. H. Ruebeck and Edward L. Shelfer, doing business as C. H. Ruebeck & Company, subcontractors, for the recovery of damages resulting from fraud. Plaintiffs alleged, in substance, that on or about September 6, 1929, they employed the architect to draw plans and specifications for the erection of a dwelling house which provided, among other things, that the entire roof surfaces should be covered with two-ply, fourteen pound, asbestos felt and topped with slate laid to a weather exposure of 6½ inches; that they thereafter employed the general contractor to construct the building under the supervision of the architect in accordance with the plans and specifications so drawn and the general contractor then employed the subcontractor to place upon the house the slate roof provided for in the plans and specifications. Plaintiffs. further alleged that the defendants conspired together to place upon the dwelling a roof different from and of less value than that required

by the plans and specifications for the purpose and with the intent of defrauding them, and through such collusion, conspiracy and fraud an inferior roof was placed upon said building, and that plaintiffs, relying wholly upon the architect and the honesty and fair dealing of the contractors to complete the building in accordance with the plans and specifications, were induced to accept the same to their damage as prayed for.

The general contractor failed to answer in the case, although he did appear upon the trial as a witness. The architect died before trial and was thereupon dismissed from the suit. The other defendants answered with general and special denials and affirmatively alleged that the cause of action declared upon was barred by the two and four year statutes of limitation.

The case was submitted to a jury on special issues, in response to which they found that before placing the slate on the roof the defendants failed to cover the roof surface with two-ply, fourteen pound, asbestos felt, and that the slate was laid on the roof with a weather exposure of more than 6½ inches, all for the purposes of defrauding plaintiffs; that as a result of such fraudulent acts on the part of the defendants it was necessary to remove and replace the roof at the reasonable cost of $928 and to repaper and paint a portion of plaintiffs' house at the reasonable cost of $193; and that plaintiffs did not discover, and in the exercise of ordinary care should not have discovered, on or before June 22, 1938, or June 22, 1936, the fraudulent acts so found. The court rendered judgment against the defendants jointly and severally, from which Ruebeck and Shelfer have appealed, contending under appropriate assignments and points that (1) the pleadings and evidence were insufficient to raise any issue of fraud, (2) the asserted cause of action was barred by the two and four year statutes of limitation, and (3) the improper argument of counsel for appellees to the jury constituted reversible error.

The evidence shows that appellees employed the architect and general contractor, and appellants agreed for a valuable consideration to construct the roof in accordance with the plans and specifications, as alleged. There was pleading and proof tending to show that the roof as constructed by appellants was not in keeping with the terms of the contracts and the defects therein were concealed to such extent that appellees did not discover the same until it became necessary to remove the roof in the fall of 1938. There was evidence that if the roof had been constructed in a good and workmanlike manner in accordance with the plans and specifications, it would have lasted from sixty to seventy years and that the reasonable cost of removing and replacing the inferior roof was in excess of the sum found by the jury.

Appellants insist, however, that the breach of a covenant in an executory contract cannot constitute the basis for a legal inference of fraud and that, as a matter of law, there can be no actionable fraud without a misrepresentation of fact, past or present. We do not agree with this contention. As said in Am.Jur., Vol. 23, p. 753: "The term 'fraud' is used in various senses, and fraud assumes so many different degrees and forms that courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily on the conscience and judgment of the court or jury in determining its presence or absence." While the misrepresentation of a material fact, past or present, may undoubtedly constitute the basis for an inference of legal fraud, our courts have also held that "any act, omission or concealment which involves a breach of legal duty, trust or confidence justly reposed and is injurious to another, or by which an undue and unconscientious advantage is taken of another", may become the foundation for an inference of fraud. Tex.Jur., Vol. 20, p. 7, Sec. 2, and authorities there cited. When there is a duty to speak, the concealment of a material fact may be equally as wrongful as a positive misrepresentation. Under the record before us, we cannot say the pleadings or the evidence was insufficient as a matter of law to raise issues of actionable fraud on the part of appellants.

Fraud will prevent the running of a statute of limitation only until such time as the fraud is discovered, or in the exercise of ordinary care might have been discovered. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263, point 1 and authorities cited. Furthermore, knowledge of facts that would cause a reasonably prudent person to make inquiry which, if diligently pursued, would lead to a dis-

covery of the fraud is in law equivalent to knowledge of the fraud. Glenn v. Steele, Tex.Sup., 61 S.W.2d 810. Appellants say the evidence in this case shows conclusively that appellees had knowledge of facts that would cause a reasonably prudent person to make inquiry as to the manner in which the roof on their house had been constructed and that such inquiry, if pursued with due diligence, would have led them to a discovery of the fraud perpetrated, if any, more than two or four years prior to the institution of this suit.

■ Appellee Hunt testified that he moved into the house in May, 1930; he discovered a leak in the roof during the following winter and talked to the architect about it; the leak was in the middle of the house and was not very big at first but from time to time it became worse and began to spread; he also talked with the general contractor about the roof and both the architect and general contractor came out to the house time and again and attempted to make repairs, but the leaks continued to spread and from year to year they became worse and worse; he did not talk to appellants because he did not know they had constructed the roof; he did not talk with any other building contractor until the year 1938 when he conferred with one O'Connell whom he employed to remove and replace the roof. Ray McCarley, an experienced roof man in the service of O'Connell, testified that he assisted in the removal and replacing of the roof; a weatherproof roof should have a lap in the shingles of not less than two inches; in the laying of shingles on a roof an increase in the weather exposure results in a corresponding decrease in the lap of such shingles; when the roof was removed from appellees' house, it was discovered that in some places the slate had been underlaid with only one ply of asbestos felt; the slate shingles were not of uniform thickness or length and they had not been placed upon the roof with a uniform weather exposure of 6½ inches, but had been laid at some places with a weather exposure from 7½ inches to 10 inches; and in some instances the increase in the weather exposure of the slate shingles had decreased the lap to less than two inches.

While it was thus shown that Hunt knew more than four years prior to the institution of this suit that the roof on his house was defective, we think the jury might have reasonably inferred from the evidence as a whole that he did not know and could not reasonably ascertain the nature of such defects until the roof was removed in the fall of 1938. We cannot say conclusively under all the facts and circumstances in evidence that appellees were required, in the exercise of due diligence, to cause the roof to be removed sooner than they did. We are therefore of the opinion that the issues of limitation were properly submitted to the jury for their determination. Whitehead v. Reiger, Tex.Com.App., 6 S.W.2d 745; Southern Surety Co. v. Sealy Ind. Sch. Dist., Tex.Civ.App., 10 S.W.2d 786, error refused; Texas Power & Light Co. v. Hilltop Baking Co., Tex.Civ.App., 78 S.W. 2d 718, error dismissed.

■ In the opening argument to the jury one of the counsel for appellees made the following remarks: "Gentlemen of the jury, I don't want to take up any more of your time. I am sorry I took so much, but I just want to say to you this: that when you go out to consider your verdict in this cause, the thing we are going to ask you to do is just sit down here now and do the fair, the honest and the right thing in this matter. Here is a man who has paid for a quality house; he has paid for something he didn't get; and I don't think the time has come in McLennan County when the answer to a man selling you something that you didn't buy or short-changing you on the quality of the goods that he is supposed to deliver, that it is a good answer to him to say 'Yes I did it, but you ought to have found out I defrauded you before. I did it,'—".

Thereupon counsel for appellants interrupted such argument with an exception and the counsel for appellees stated that he would withdraw the argument and he moved the court to instruct the jury not to consider the same, which was accordingly done. Counsel for appellants reserved their exception to such argument, notwithstanding the instruction of the court and the request of the counsel, on the ground that such argument was so inflammatory that the instruction and request could not withdraw the harmful effects thereof.

We do not think any useful purpose would be served by an extended discussion of the rules of law applicable to the argument complained of. Assuming without

deciding that such argument was not justified by the evidence, we cannot say the same was so inflammatory that the error, if any, with respect thereto was not cured by the court's instruction to the jury. First States Life Co. v. Mote, Tex.Civ. App., 110 S.W.2d 591; Harmon v. Ketchum, Tex.Civ.App., 299 S.W. 682, error dismissed; City of Waco v. Killen, Tex. Civ.App., 59 S.W.2d 940, error dismissed.

Finding no reversible error, the judgment of the trial court is affirmed.